**Mohan GANESH, Safira Ganesh, Marcellus Ganesh, Petitioners,**

v.

**Alberto GONZALES, United States Attorney General, Respondent.**

**Nos. 05–0915–AG(L), 05–0911–AG(CON), 05–0917–AG(CON), 05–2075–AG(CON).**

United States Court of Appeals, Second Circuit.

July 14, 2006.

Visuvanathan Rudrakumaran, New York, NY, for Petitioners.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Laura Thomas Rivero, Harriett Galvin, Assistant United States Attorneys, Miami, FL, for Respondent.

Present DENNIS JACOBS, BARRINGTON D. PARKER and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Mohan Ganesh, Safira Ganesh, and Marcellus Ganesh, through counsel, petition for review of the BIA's February 2005 decision affirming Immigration Judge ("IJ") Noel Brennan's denial of Mohan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), as well as the BIA's March 2005 denial of Mohan's motion to reconsider the BIA's prior decision. We presume the parties' familiarity with the underlying facts and procedural history of the case.

### I. February 2005 Final Order of Removal

Where, as here, the BIA does not expressly adopt the IJ's decision, but closely tracks the IJ's reasoning in briefly affirming the IJ's decision, the Court may consider both the IJ's and the BIA's decisions for the sake of completeness, at least when this does not affect the outcome. *Wangchuck v. DHS*, 448 F.3d 524, 529 (2d Cir. 2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Osorio v. INS*, 18 F.3d 1017, 1022 (2d Cir.1994).

An applicant must produce either direct or circumstantial evidence from which it is reasonable to conclude that the harm suffered or feared by the applicant is motivated, at least in part, by an actual or imputed ground. *Matter of S–P–*, 21 I. & N. Dec. 486, 494 (BIA 1996). A petitioner may show that he will be individually targeted for persecution on account of a certain trait, or he may establish his identification with a group possessing traits similar to his and that has been subjected to persecution in his country of nationality. *See* 8 C.F.R. § 1208.13(b)(2)(iii).

Here, Mohan offered no reason why he would be individually targeted for persecution. The only cognizable traits he identified were his Indo–Guyanese ethnicity and former employment under the Guyanese government led by the People's National Congress ("PNC"). However, the background materials in the record did not evidence a pattern or practice of persecution of persons with these traits. Therefore, the agency's finding that Mohan failed to establish either past persecution or a well-founded fear of future persecution on account of a protected ground is supported by substantial evidence. *See S–P–*, 21 I. & N. Dec. at 494–95; *Osorio*, 18 F.3d at 1022, 1029. For this reason, Mohan failed to sustain his burden for either asylum or withholding of removal. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b).

Regardless of whether or not Mohan adequately raised his claim for CAT relief before the BIA, we find that the BIA mooted any exhaustion concerns by addressing that claim in its decision. *See Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.1993); *Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 296 (2d Cir.2006). Mohan argues that the agency erred when it failed to engage in a separate analysis of his eligibility for CAT relief. Although this Court has found that a denial of asylum and withholding of removal does not necessarily lead to a denial of CAT relief, Mohan fails to discuss what evidence he believes the IJ should have analyzed other than the bases for his asylum and withholding claims. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir.2004). Thus, we cannot find that the agency's denial of CAT relief was in error.

### II. March 2005 Motion to Reconsider

This Court reviews the BIA's denial of a motion to reconsider for abuse of discre-

tion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). In his motion to reconsider, Mohan argued that his testimony sufficed to establish objective support for his fear of persecution and that the agency should have compared his testimony to background materials from 1992. Because Mohan testified over ten years after the events on account of which he feared persecution, it was reasonable for the agency to find that Mohan needed more than just his credible testimony to show objective support for his fear of persecution, particularly where the background materials failed to indicate any anti-Indo-Guyanese or anti-PNC violence in Guyana. *Cf. Melendez v. U.S. Dep't of Justice,* 926 F.2d 211, 215 (2d Cir.1991). Furthermore, because Mohan's asylum eligibility rested entirely on the likelihood of *future* persecution, the agency did not err in comparing Mohan's testimony to background materials documenting conditions in 2002, as opposed to 1992. Therefore, it was not an abuse of discretion for the BIA to find that neither of these alleged errors in fact constituted errors in its prior decision. *See* 8 C.F.R. § 1003.2(b); *Jin Ming Liu,* 439 F.3d at 111.

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).